IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| JOSEPH P MILLER,<br>    Petitioner, | )<br>)<br>) |
| v. | )<br>)   Civil No. 7:10-CV-120-O-BL |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>    Respondent. | )<br>)<br>)<br>)   Referred to U.S. Magistrate Judge |

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Joseph P. Miller, a state prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the petition should be dismissed on limitations grounds.

**I.**

Miller was charged with aggravated sexual assault of a child. On July 14, 2000, after he pled guilty, the trial court deferred an adjudication of guilt and placed Miller on ten years community supervision. In 2006, after he violated the terms of his community supervision, he was adjudicated guilty, and sentenced to a 35 year prison term. His appeal was affirmed by the Second Court of Appeals of Texas on August 2, 2007. Miller did not file a petition for discretionary review. However, he has filed nine applications for state writ of habeas corpus challenging this conviction and most have been dismissed as subsequent or as an abuse of the writ. Thereafter, he filed this petition under 28 U.S.C. § 2254.

## II.

In his amended petition, Miller contends that: (1) the trial court had no authority to place him on deferred adjudication probation; (2) ineffective assistance of counsel caused him to be placed on deferred adjudication; (3) the order granting him deferred adjudication probation was unconstitutional and unauthorized; and (4) the probation fines assessed were unconstitutional.

By order dated November 19, 2010, the court *sua sponte* questioned whether this case was subject to dismissal on limitations grounds. Defendant addressed the limitations issue in a reply filed on January 26, 2011. The court now determines that this case is time-barred and should be summarily dismissed.

### A.

Section 2254 proceedings are governed by a one year statute of limitations. *See* 28 U.S.C. § 2244(d). The statue provides that the limitations period shall run from the latest of–

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* The one-year limitations period is only subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

B.

The record does not indicate that any unconstitutional "State action" prevented Miller from filing for federal habeas corpus relief prior to the end of the limitation period. *See* 28 U.S.C. § 2244(d)(1)(B). Also, Miller's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C). Finally, Miller has not shown that he could not have discovered the factual predicate of his claims until a date subsequent to the date his placement on community supervision became final. *See* 28 U.S.C. § 2244(d)(1)(D). Consequently, Miller's limitations period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A).

Miller was placed on deferred adjudication on July 14, 2000. He did not appeal this deferred adjudication order, making it final on August 13, 2000, when his right to direct review expired.[1] Accordingly, the one year limitation period for filing a federal petition expired on August 13, 2001. *Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005) (finding that an order of deferred adjudication is a judgment for purposes of section 2244); *see also Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (holding that Rule 6(a) of the Federal Rules of Civil Procedure applies to the computation of the one year limitation period in §2244 (d)). Under § 2244, "[t]he time during

---

[1] The Texas Code of Criminal Procedure provides that Miller's time to file a notice of appeal began to run the date the court entered its deferred adjudication order. TEX. CODE. CRIM. PROC. ART. 42.12 § 23(b) (West 2001). Pursuant to rule 26.2 of the Texas Rules of Appellate Procedure, a criminal defendant must file his notice of appeal within 30 days of the convicting court's judgment or entry of an appealable order. TEX. R. APP. PROC. 26.2 (West 2000).

which a properly filed application for State post-conviction or other collateral review . . . is pending shall not count toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, Miller's state writ applications do not toll the limitations period because by the time Miller filed them in 2007 and after, the limitations period had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (stating that a state habeas writ application filed after the expiration of the limitations period has no tolling effect). Therefore, the instant federal writ petition filed on November 12, 2010, is over nine years late.[2]

Finally, Miller has not alleged any facts that could support a finding that equitable tolling applies. Generally, to establish entitlement to equitable tolling a petitioner bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2009). Miller has not demonstrated that he was diligent or that any extraordinary circumstance prevented him from timely filing. He is not entitled to equitable tolling.

---

2

Although Miller seeks relief from the 35 year sentence that was imposed following the revocation of his deferred adjudication, the claims contained in his petition all relate exclusively to issues that should have been challenged following the entry of the court's deferred adjudication order. Consequently, it is not necessary for the court to consider the timeliness of his petition concerning claims related to his deferred adjudication revocation and sentencing.

Notwithstanding, to the extent Miller's claims relate to his deferred adjudication revocation and sentencing, they remain time-barred. Miller's conviction was affirmed on August 2, 2007. Therefore, Miller's conviction became final thirty days later on September 1, 2007, when his time in which to file a petition for discretionary review expired. *See* TEX. R. APP. PROC. 68.2(a). Accordingly, the one-year limitation period for filing a federal petition expired on September 1, 2008, absent tolling. Miller's second and third state writ applications tolled the limitations period a total of 133 days. Therefore, Miller's federal writ petition was due January 12, 2009. As a result, the instant federal writ petition filed on November 12, 2010, is one year and ten months late.

## RECOMMENDATION

It plainly appears from the face of the motion and the record of prior proceedings that this case is barred by limitations. Accordingly, Fisher's petition for writ of habeas corpus should be summarily dismissed. *See* Rule 4, Rules Governing Section 2254 Cases.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F. 3d 1415, 1417 (5th Cir. 1996).

Dated: June 8, 2012.

                                          E. SCOTT FROST
                                          **UNITED STATES MAGISTRATE JUDGE**